UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Sara Freeburg**, <br><br> Plaintiff, <br><br> v. <br><br> **PRD Grandview, LLC.**, an Ohio limited liability company, and **Jung Eui Roo**, an individual, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Sara Freeburg ("Plaintiff"), sues the Defendants, PRD Grandview, LLC and Jung Eui Roo ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

-1-

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Southern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Franklin County, Ohio, and is a former employee of Defendants.

8. At all material times, Defendant PRD Grandview, LLC is a limited liability company licensed to transact business in the State of Ohio. At all material times, Defendant PRD Grandview, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Franklin County, Ohio.

9. At all material times, Defendant PRD Grandview, LLC does business as "Grand Day Café," a restaurant in the greater Columbus area.

10. At all relevant times, Defendant PRD Grandview, LLC was an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant PRD Grandview, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant.  As a person who acted in the interest of Defendant PRD Grandview, LLC in relation to the company's employees, Defendant PRD Grandview, LLC is subject to liability under the FLSA.

11. Defendant Jung Eui Roo is an owner of PRD Grandview, LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendant Jung Eui Roo is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Jung Eui Roo is an owner of Defendant PRD Grandview, LLC.  At all relevant times, Defendant Jung Eui Roo had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Jung Eui Roo is subject to individual liability under the FLSA.

13. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

14. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

15. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

17. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

18. At all relevant time, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

19. Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

20. Defendants own and/or operate as PRD Grandview, LLC d/b/a Grand Day Café, an Ohio limited liability company doing business in Franklin County, Ohio.

21. Plaintiff was hired by Defendants and worked for Defendants as a server from approximately January 2020 through approximately October 18, 2020.

22. Defendants compensated Plaintiff at the tipped employee minimum wage of $4.35 per hour.

23. Plaintiff worked approximately 25 hours per week for Defendants.

24. Throughout Plaintiff's employment with Defendants, Defendant Jung Eui Roo regularly retained tips earned by Plaintiff on all to-go orders taken at the restaurant.

25. As a result, Plaintiff was not allowed to retain all tips that she earned, in violation of the FLSA, 29 U.S.C. § 203(m).

26. Due to Defendants improper retention of Plaintiff's tips, Defendants were not entitled to take a tip credit against her wages.

27. As a result, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a).

28. As a result, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked, in violation of ORC § 4111.

29. As a result, Defendants failed to compensate Plaintiff all wages owed for all hours worked, in violation of ORC § 4113.

30. Defendants knew, or should have known, that their decision to retain all tips from all to go orders would violate the FLSA and Ohio wage laws. Therefore, Defendants' violation constitutes a willful violation.

31. Defendants engaged in the regular practice of requiring Plaintiff to clock out for 30 minutes during each shift for a break, even if she did not stop working to take a break.

32. Defendants policy resulted in Plaintiff regularly perform work off the clock for Defendants for which she was not compensated.

33. As a result of Defendants' policy of requiring Plaintiff to perform work off the clock, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked, in violation of the FLSA, 29 U.S.C. § 206(a).

34. As a result of Defendants' policy of requiring Plaintiff to perform work off the clock, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked, in violation of ORC § 4111.

35. As a result of Defendants' policy of requiring Plaintiff to perform work off the clock, Defendants failed to compensated Plaintiff all wages owed for all hours worked, in violation of ORC § 4113.

36. Defendants knew, or should have known, that their decision to require Plaintiff to perform work while off the clock would violate the FLSA and Ohio wage laws. Therefore, Defendants' violation constitutes a willful violation.

37. As a result of Defendants' willful failure to compensate Plaintiff at least the applicable minimum wage for all hours worked, Defendants have violated 29 U.S.C. § 206(a).

38. As a result of Defendants' willful failure to compensate Plaintiff at least the applicable minimum wage for all hours worked, Defendants have violated ORC § 4111.

39. As a result of Defendants' willful failure to compensate Plaintiff at least the applicable minimum wage for all hours worked, Defendants have violated ORC § 4113.

40. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

41. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

42. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff all wages owed for all hours worked during her regular workweeks.

43. Plaintiff is a covered employee within the meaning of the FLSA.

44. Plaintiff is a covered employee within the meaning of ORC § 4111.

45. Plaintiff is a covered employee within the meaning of ORC § 4113.

46. Plaintiff was a non-exempt employee.

47. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

48. Defendants, individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

49. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

50. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### TIP RETENTION

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants retained all tips on all to go orders throughout Plaintiff's employment with Defendants.

54. Because of Defendants' improper retention of tips, Defendants were not eligible to take a tip credit against Plaintiff's wages.

55. As a result, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked.

56. Defendants willfully failed or refused to pay Plaintiff at least the full applicable minimum wage throughout her employment.

57. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

58. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Sara Freeburg, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## OFF-CLOCK LABOR

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants required Plaintiff to clock out for 30 minutes during each shift she worked, regardless of if she took any break during that shift.

61. Because of Defendants' policy requiring Plaintiff to clock out for 30 minutes during each shift she worked, even when she continued working, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked.

62. Defendants willfully failed or refused to pay Plaintiff at least the full applicable minimum wage throughout her employment.

63. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Sara Freeburg, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4111
### TIP RETENTION

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants retained all tips on all to go orders throughout Plaintiff's employment with Defendants.

67. Because of Defendants' improper retention of tips, Defendants were not eligible to take a tip credit against Plaintiff's wages.

68. As a result, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked.

69. Defendants willfully failed or refused to pay Plaintiff at least the full applicable minimum wage throughout her employment.

70. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

71. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Sara Freeburg, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FOUR: OHIO REVISED CODE § 4111
### OFF-CLOCK LABOR

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants required Plaintiff to clock out for 30 minutes during each shift she worked, regardless of if she took any break during that shift.

74. Because of Defendants' policy requiring Plaintiff to clock out for 30 minutes during each shift she worked, even when she continued working, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked.

75. Defendants willfully failed or refused to pay Plaintiff at least the full applicable minimum wage throughout her employment.

76. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

77. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid minimum wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Sara Freeburg, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FIVE: OHIO REVISED CODE § 4113
### TIP RETENTION

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants retained all tips on all to go orders throughout Plaintiff's employment with Defendants.

80. Because of Defendants' improper retention of tips, Defendants were not eligible to take a tip credit against Plaintiff's wages.

81. As a result, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked.

82. As a result, Defendants failed to compensate Plaintiff all wages owed for all work performed.

83. Defendants willfully failed to compensate Plaintiff all wages owed for all work performed.

84. Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates ORC § 4113.

85. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Sara Freeburg, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT SIX: OHIO REVISED CODE § 4113
### OFF-CLOCK LABOR

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendants required Plaintiff to clock out for 30 minutes during each shift she worked, regardless of if she took any break during that shift.

88. Because of Defendants' policy requiring Plaintiff to clock out for 30 minutes during each shift she worked, even when she continued working, Defendants failed to compensate Plaintiff all wages owed for all hours worked.

89. Defendants willfully failed or refused to pay Plaintiff all wages owed for all hours that Plaintiff worked for Defendants throughout the entirety of her employment.

90. Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates ORC § 4113.

91. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Sara Freeburg, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 30th day of October, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com